Dinkelspiel, Hart & Davey, for appellants.
L. H. Marrero, Jr., for appellee.

LAND, J. The defendant and the Emma Realty Company have appealed from a decree of executory process in the above entitled suit. The sole issue is whether the decree was warranted by the authentic evidence attached to plaintiff's petition. The only objection of merit urged by the appellants is as follows:

"That part of the claim made and covered by the order of executory process was for a tax, the receipt for which, annexed to the petition, shows that it was paid by Omer Villere, and in no way was plaintiff shown to be connected therewith."

The tax receipt referred to is in the name of the Emma Realty Company, and the indorsement thereon reads:

"Paid by Omer Villere."

There is no authentic evidence that plaintiff paid the taxes through Omer Villere as agent. This proof was essential to obtain an order for executory process. Interstate Trust & Banking Co. v. Powell Bros. & Sanders Co., 126 La. 22, 52 South. 179.

It is therefore ordered that the decree of executory process, appealed from, be reversed as to the taxes for 1909, and be affirmed in all other respects; plaintiff to pay costs of appeal.

---

(56 South. 618.)

No. 18,925.

Succession of HINDERER.

(Nov. 13, 1911.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 781*)—DISMISSAL—
WANT OF ACTUAL CONTROVERSY.

Upon the opening of this succession, the district court appointed an attorney to represent certain absent heirs, residing in Wurtemburg, in the Empire of Germany, and denied the application of the German consul to be recognized as the representative of such heirs, under the existing treaty between the United States and Germany, whereupon the consul appealed to this court. Thereafter, the consul having presented to the district court powers of attorney from the German heirs, and having been recognized as their representative, the attorney who had been appointed by the court moved to dismiss the appeal on the ground that the action so taken renders the decision of the case here presented unnecessary.

*Held*: The motion should be sustained. The German heirs being now represented by the appellant, as the attorney of their own selection, the question whether he was entitled to represent them between the date of his original application and that of his recognition, as the case now stands, is purely academic. If, however, the executor, in filing his account, should allow either of the parties compensation, in the allowance of which the other may have an interest, and the account should be opposed, thus suspending the distribution of a fund exceeding $2,000, the appellate jurisdiction of this court might be invoked, quoad the judgment on the opposition. The rights of the parties, in that respect, are reserved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3122; Dec. Dig. § 781.*]

Appeal from Civil District Court, Parish of Orleans; Fred. D. King, Judge.

In the matter of the succession of C. A. Frederick Hinderer. From an order refusing a prayer for decree that Paul Roh, as Consul of the German Empire, was entitled to represent heirs living in said empire without powers of attorney, he appeals. Appeal dismissed.

Merrick, Lewis, Gensler & Schwarz, for appellant. Meyer S. Dreifus, for appellees absent heirs.

On Motion to Dismiss Appeal.

MONROE, J. On March 31, 1911, the public administrator, alleging the death of the decedent, leaving no heirs, present or represented in this state, but leaving a succession requiring administration, obtained an order for the publication of his application for administration, for the taking of an inventory, and for the appointment of an attorney for absent heirs. A few days later, the Bank of Orleans presented to the court the last will of the decedent, whereby it was appointed one of his executors, and whereby, with the exception of a few legacies to

institutions and persons in New Orleans, the decedent's estate, which was quite a considerable one, was left to persons living in Wurtemburg, in the Empire of Germany, and the will was proved and ordered to be executed, and the bank was authorized to qualify as executor. On the same day, Dr. Paul Roh, appearing as the consul, at New Orleans, of the German Empire, presented a petition to the court, alleging that, under the treaty of December 11, 1871, between the German Empire and the United States, he was entitled to represent said heirs, without powers of attorney, and praying that it be so decreed, upon which petition the court made an order refusing to grant the prayer.

A few days later (April 7, 1911), the executor having qualified in the meanwhile, the consul filed another petition, to the same effect as the first, and the court ordered the executor to show cause why the prayer should not be granted. The attorney for absent heirs answered, opposing the application, and, after hearing, there was judgment, as before, denying the application, "from which judgment the consul appealed to this court. The attorney for absent heirs now moves to dismiss the appeal, alleging that, after it had been taken, the appellant, by proper proceedings and by properly authenticated powers of attorney," caused himself to be recognized as the representative of said heirs, and that the action so taken renders the decision of the case here presented unnecessary.

Counsel for appellant say, in the brief filed by them in this court:

"Our client procured special letters which were, last August, recognized by the court; but a good deal of water flowed under the bridge between the opening of the succession and August 22, 1911.

"Our client has, in no way, abandoned his appeal, but looks to this court to pass on the treaty of 1871. The intentory shows $145,136.- 29, as the assets of the succession, and the court has jurisdiction. Nothing has been done to divest the jurisdiction."

We are of opinion that the motion should be sustained. The German heirs are now represented by the appellant as the attorney of their own selection, and the question, whether the appellant or the attorney appointed by the court was the proper person to represent them, between April and August, as the case now stands, is purely academic. If, however, the executor, in filing his account, should allow either of the parties compensation, in the allowance of which the other would have an interest, and the account should be opposed, thus suspending the distribution of a fund exceeding $2,000, the appellate jurisdiction of this court might be invoked, quoad the judgment on the opposition.

It is therefore ordered that this appeal be dismissed, without prejudice to the rights of the parties as indicated in the foregoing opinion.